IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,221-01






EX PARTE RAMON CISNEROS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 9786 IN THE 118
TH JUDICIAL DISTRICT COURT


FROM HOWARD COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to seventeen years, six months' imprisonment. 

 Applicant contends that he was denied the opportunity to appeal his conviction, because he
was never informed of his appellate rights, notice of appeal was not timely filed, and appellate
counsel was never appointed. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claim that he abandoned
Applicant after his conviction. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact first as to whether Applicant was properly
informed of his appellate rights, and if so, whether Applicant ever expressed a desire to appeal this
conviction. If Applicant did express a desire to appeal the conviction, the court shall make findings
as to whether appellate counsel was ever appointed to represent Applicant on appeal. If no appellate
counsel was appointed, the court shall make findings as to whether trial counsel was permitted to
withdraw from the representation, and if so, when. The trial court shall make findings as to whether
trial counsel filed either a motion for a new trial or a notice of appeal, and if not, why not. Finally,
the trial court shall make findings as to whether Applicant was denied his right to a meaningful
appeal because Applicant's counsel failed to timely file a notice of appeal. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: November 22, 2006


Do not publish